FILED
U.S. DISTRICT COURT
  DIV.
2012 JAN 19 AM 10: 24
CLERK R Cee
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMEION TIMIAH SPEARS,

   Petitioner,

v.

DAVID FRAZIER, Warden,

   Respondent.

CIVIL ACTION NO.: CV611-116

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dameion Spears ("Spears"), an inmate currently incarcerated at Telfair State Prison in Helena, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the Superior Court of Emanuel County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Spears filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Spears was convicted of malice murder following a jury trial and was sentenced to life imprisonment. (Doc. No 11-1, p. 1). Spears appealed, and the Supreme Court of Georgia affirmed his conviction and sentence. (Id.). Spears then filed a petition for writ of habeas corpus in the Superior Court of Telfair County. (Id.). After an evidentiary hearing, Spears' state habeas petition was denied. (Id.). Spears filed, with the Supreme Court of Georgia, an application for certificate of probable cause to appeal the

AO 72A
(Rev. 8/82)

denial of his state habeas petition; however, he later filed a motion to withdraw that application, which the Supreme Court of Georgia granted, dismissing his application, on January 9, 2012.[1]

Spears signed the instant petition, which was filed on October 3, 2011, on September 21, 2011. In this petition, as amended, Spears alleges that he was denied effective assistance of trial counsel, that he was denied effective assistance of appellate counsel, that the evidence used to convict him was obtained pursuant to an unlawful arrest, that his privilege against self-incrimination was violated, that his right to appeal was denied, and that the evidence was insufficient to support his conviction. (Doc. Nos. 1, p. 7 and 6, pp. 8–14). Respondent contends that Spears' petition should be dismissed because Spears has failed to exhaust his state court remedies.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for

---

[1] See http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S11H0304.

2

discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise [ ] a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The state may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Additionally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Finally, the exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) (citations omitted).

3

Spears did not exhaust his state remedies before filing the instant petition. The Telfair County Superior Court denied Spears' petition for writ of habeas corpus by order dated January 19, 2011. (Doc. No. 14-10). Under Georgia law,

> [i]f an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. The Supreme Court shall either grant or deny the application within a reasonable time after filing.

O.C.G.A. § 9-14-52(b). Pursuant to this "firmly established" and "regularly followed" discretionary appeal procedure in Georgia, Mancill v. Hall, 545 F.3d 935, 939–41 (11th Cir. 2008) (citing Pope, 358 F.3d at 853), Spears filed the appropriate application with the Supreme Court of Georgia. However, Spears later filed a motion to withdraw that application, which the Supreme Court of Georgia granted, dismissing his application, on January 9, 2012.[2] Spears' Supreme Court application for review was pending when he filed this action. As a result, Spears did not give the Georgia courts "one full opportunity to resolve" his claims because he has not "invok[ed] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Furthermore, Spears has not shown that he should be excused from exhausting his state remedies pursuant to § 2254(b)(1)(B) or any of the other exceptions to the exhaustion requirement. Consequently, this Court is barred from reviewing the merits of his claims.

---

[2] Spears states that he did not file a motion to withdraw his application, but that he instead filed a motion to dismiss the state's case against him based on the state's failure to comply with Rule 44.12 of the Uniform Rules for the Superior Courts of the State of Georgia. (Doc. No. 13). Rule 44.12 does not apply to Spears' case as it only applies to habeas corpus proceedings in death sentence cases. (See http://www.georgiacourts.org/files/UNIFORM%20SUPERIOR%20COURT%20RULES_Updated_11_10.pdf). Furthermore, the exact reason for or method of removing the state habeas case from the Supreme Court of Georgia's docket does not matter because the consequence is the same: the Georgia Supreme Court was not given an opportunity to review the decision of the state habeas court.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Spears' petition be **DISMISSED**, without prejudice, due to his failure to exhaust his state court remedies prior to filing this action.

**SO REPORTED** and **RECOMMENDED**, this 19th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE