FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 FEB -8 PM 3: 44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMEION TIMIAH SPEARS,

  Petitioner,

v.

DAVID FRAZIER, Warden,

  Respondent.

CIVIL ACTION NO.: CV611-116

## ORDER

Petitioner Dameion Spears ("Spears") filed Objections to the Magistrate Judge's Report dated January 19, 2012, which recommended that Spears' 28 U.S.C. § 2254 petition be dismissed. In his Objections, Spears argues that the Magistrate Judge erred in determining that he did not exhaust his state court remedies prior to filing his petition.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in 28 U.S.C. § 2254(b)(1) and in the Magistrate Judge's Report, exhaustion of state court remedies is a prerequisite to filing a federal habeas petition. In order to exhaust state court remedies, "a state prisoner must present his claims to a state supreme court in a petition for discretionary review" when discretionary review "is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Under Georgia law, discretionary review by the Supreme Court of Georgia is part of the

ordinary appellate review procedure. See O.C.G.A. § 9-14-52(b); Mancill v. Hall, 545 F.3d 935, 939–41 (11th Cir. 2008).

Spears argues that Fullwood v. Sivley, 517 S.E.2d 511 (Ga. 1999), is not "equivalent to" his case. (Doc. No. 18, p. 2). The Court agrees. In Fullwood, the Supreme Court of Georgia determined that it could not reach the merits of the state habeas court's order denying filing of the state habeas petition because the petitioner had not filed an application for a certificate of probable cause to appeal. Spears states that he did file, with the Supreme Court of Georgia, an application for certificate of probable cause to appeal the denial of his state habeas petition; the Court does not dispute Spears' assertion. However, the inapplicability of Fullwood to Spears' case does not change the determination that Spears did not exhaust his state court remedies. Spears appropriately appealed the denial of his state habeas petition to the Supreme Court of Georgia, but he later filed a motion to withdraw, which the Supreme Court of Georgia granted, dismissing his application, on January 9, 2012.[1] The Supreme Court of Georgia was not given an opportunity to review the decision of the state habeas court. As a result, Spears did not give the Georgia courts "one full opportunity to resolve" his claims because he has not "invok[ed] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Spears also argues that he exhausted state court remedies according to Rose v. Lundy, 455 U.S. 509 (1982). In Rose, the district court considered instances of

---

[1] Spears states that he did not file a motion to withdraw his application, but that he instead filed a motion to dismiss the state's case against him based on the state's failure to comply with Rule 44.12 of the Uniform Rules for the Superior Courts of the State of Georgia. (Doc. No. 13). Rule 44.12 does not apply to Spears' case as it only applies to habeas corpus proceedings in death sentence cases. (See http://www.georgiacourts.org/files/UNIFORM%20SUPERIOR%20COURT%20RULES_Updated_11_10.pdf). Furthermore, the exact reason for or method of removing the state habeas case from the Supreme Court of Georgia's docket does not matter because the consequence is the same: the Georgia Supreme Court was not given an opportunity to review the decision of the state habeas court.

AO 72A
(Rev. 8/82)

prosecutorial misconduct that were never challenged in state trial or appellate courts. The Supreme Court of the United States decided that the petitioner's habeas corpus petition should have been dismissed because "state prisoners [must] seek full relief first from the state courts." Id. at 518. To the extent that Rose is applicable to Spears' case, it, too, counsels in favor of dismissal of Spears' petition.

Spears' Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Spears' 28 U.S.C. § 2254 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 8 day of Feb, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)