UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMEION TIMIAH SPEARS,

Petitioner,

v.                    6:11-cv-116

DAVID FRAZIER, Warden,

Respondent.

## ORDER

### I.    INTRODUCTION

Now before the Court is Petitioner Dameion Timiah Spears's ("Spears") "Motion for Reconsideration." *See* Doc. 22. Spears has also filed a notice of appeal, which this Court construes as a request for a Certificate of Appealability ("COA"). *See* Docs. 23; 25; *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Spears has also filed a motion for in forma pauperis ("IFP") status on appeal. *See* Doc. 30.

### II.   BACKGROUND

Spears was convicted of malice murder following a jury trial. *See* Doc. 15 at 1. Spears appealed, and the Supreme Court of Georgia affirmed his conviction and sentence of life imprisonment. *See Spears v. State*, 284 Ga. 817 (2009).

Spears then filed a petition for writ of habeas corpus in the Superior Court of Telfair County. *See* Doc. 14-1. After an evidentiary hearing, Spears's state habeas petition was denied. *See* Doc. 14-10. Spears then filed with the Georgia Supreme Court an application for certificate of probable cause to appeal the denial of his state habeas petition. *See* Doc. 14-11. He later filed a motion to withdraw that application, and the Georgia Supreme Court dismissed his application on January 9, 2012. *See* Doc. 15 at 4.

On October 3, 2011, Spears filed a § 2254 petition challenging his conviction. *See* Doc. 1. On January 19, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the dismissal of Spears's § 2254 petition because of Spears's failure to exhaust his state court remedies. *See* Doc. 15 at 5. This Court adopted the R&R over Spears's objections. *See* Doc. 19; *see also* Docs. 17; 18. Spears appealed. *See* Docs. 23; 25.

### III.  ANALYSIS

Spears has filed a Motion for Reconsideration. *See* Doc. 22. Spears's appeal divests this Court of jurisdiction to decide his motion for reconsideration. *See United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See id.*

Spears's motion to reconsider challenges the Court's ruling that he failed to exhaust his state remedies. *See* Doc. 22. The issue of whether he exhausted his state remedies is now before the Eleventh Circuit because failure to exhaust was the Court's only ground for dismissal.

Therefore, Spears's motion for reconsideration is **_DISMISSED_**.

The Court construes Spears's notice of appeal as a request for a COA.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

No reasonable jurist could debate that Spears failed to exhaust his state court remedies before filing his § 2254 petition.

A state prisoner generally must exhaust his state court remedies before pursuing a § 2254 petition in federal court. *See* 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). "[A] state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. This exhaustion requirement extends to a state's collateral review process. *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004).

Georgia law provides:

> If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. The Supreme Court shall either grant or deny the application within a reasonable time after filing.

O.C.G.A. § 9-14-52(b).

The record demonstrates that Spears filed the appropriate application with the Georgia Supreme Court. *See* Doc. 14-11. His application for review was pending when he filed this action. *See* Doc. 15 at 4. He then filed a motion to withdraw, and the Georgia Supreme Court dismissed his application. *See id.*

Therefore, for the reasons expressed by the Magistrate Judge and this Court in its adoption order, Spears failed to exhaust his state court remedies prior to filing his § 2254 petition or demonstrate that he should be excused from the exhaustion requirement. *See* Docs. 15; 19.

Although not providing the referenced order, Spears argues that the Georgia Supreme Court dismissed his application because of his failure to file a notice of appeal with the clerk of the superior court. *See* Doc. 18 at 2. Even if true, this assertion only further demonstrates that "the Georgia Supreme Court was not given an opportunity to review the decision of the state habeas court." *See* Doc. 15 at 4 n.2; *see also* Doc. 19 at 2. Moreover, accepting Spears's assertion would mean that his claims are potentially procedurally defaulted. *See Owens v. Sec'y for Dep't of Corrs.*, 568 F.3d 894, 907-908 (11th Cir. 2009); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Fullwood v. Sivley*, 271 Ga. 248 (1999).

Spears filed a motion for IFP status on appeal. *See* Doc. 30. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P.

24(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Spears's claims are frivolous and his appeal is not taken in good faith. His motion for leave to appeal IFP is ***DENIED***.

## IV.   CONCLUSION

Spears's "Motion for Reconsideration," *see* Doc. 22, is ***DISMISSED***.

Spears's implied motion for a COA is ***DENIED***.

Spears's motion for IFP status on appeal, *see* Doc. 30, is ***DENIED***. The Court assesses the full filing fee of $455.

This 28th day of March 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA